607 F.Supp.2d 284 (2009)
Commonwealth of MASSACHUSETTS by its DIVISION OF MARINE FISHERIES, and
State of New Hampshire, by its Fish & Game Department, Division of Marine Fisheries, Plaintiffs
v.
Carlos M. GUTIERREZ, in his official capacity as Secretary of Commerce of the United States, et al., Defendants.
Civil Action No. 06-12110-EFH.
United States District Court, D. Massachusetts.
April 14, 2009.
*285 Christine A. Baily, Massachusetts Attorney General's Office Boston, MA, for Plaintiff Commonwealth of Massachusetts.
Kristen Byrnes Floom, U.S. Department of Justice, Washington, DC, for Defendant National Marine Fisheries Service.
Daniel J. Hammond, Attorney General's Office, Boston, MA, for Plaintiff Commonwealth of Massachusetts.
Peter C.L. Roth, Office of the Attorney General, Concord, NH, for Plaintiff State of New Hampshire.
Peter Shelley, Conservation Law Foundation, Boston, MA, for Conservation Law Foundation.

ORDER OF DISMISSAL
HARRINGTON, Senior District Judge.
The court renders this action dismissed as moot. The states of Massachusetts and New Hampshire filed this action to challenge Framework 42, a fisheries regulation enacted by the United States Department of Commerce to conserve certain groundfish species. This action originally included eight (8) counts. The court has previously dismissed counts two and three on summary judgment, thereby leaving six (6) counts remaining.
The Commerce Department published a new regulation called the final interim rule on April 13, 2009, which is to replace Framework 42 on May 1, 2009. The final interim rule moots this action. A lawsuit is moot when a regulation at the center of that lawsuit has been replaced by a new regulation, and the court is unable to redress the original regulation's alleged harm. Gulf of Me. Fishermen's Alliance v. Daley, 292 F.3d 84, 88 (1st Cir.2002). Therefore, since the final interim rule replaces Framework 42 on May 1, 2009 and the court will be unable to redress the alleged harm of Framework 42, this action is moot as of May 1, 2009.
To clarify the court's role in this fishing industry litigation: it has not been the court's responsibility nor its intention to formulate and to prescribe the substantive provisions of the regulatory Framework 42; it has not the authority nor the expertise to do so.
The court's only responsibility and intention was to ensure that the administrative agency, which has the responsibility for such regulation, exercises it in accordance with the law, namely, "to seriously consider and analyze" the discretionary Guideline of the Mixed-Stock Exception and not necessarily to adopt said Guideline. The discretion whether to apply the Mixed-Stock Exception lies entirely within the province of the administrative agency and not with the court.
Effective May 1, 2009, this action is DISMISSED.
SO ORDERED.